## Colosi v. Bucher

*Patrick H. Zaepfel,* for plaintiff.
*Gary G. Krafft,* for defendant.

CULLEN, *J.,* August 28, 2009—On May 12, 2009, plaintiffs, Marc L. Colosi and Geri A. Colosi, filed a complaint against defendant, Gregory S. Bucher, alleging violations of the East Petersburg Borough Zoning Ordinance, breach of a cross-easement, nuisance and trespass.

On June 25, 2009, defendant filed preliminary objections to the complaint seeking to strike portions of paragraphs 9, 17 and 26 as scandalous or impertinent.

Plaintiffs filed a response, and briefs have been filed by the parties.

For the reasons stated below, defendant's preliminary objections will be sustained with respect to paragraphs 9 and 17 and overruled with respect to the challenged averment of paragraph 26.

## DISCUSSION

The Pennsylvania Rules of Civil Procedure allow a party to file preliminary objections on the ground that the challenged pleading includes scandalous or impertinent matter. Pa.R.C.P. 1028(a)(2). To be scandalous or impertinent, the allegations must be immaterial and inappropriate to the proof of the cause of action. *Common Cause/Pennsylvania v. Commonwealth,* 710 A.2d 108, 115 (Pa. Commw. 1998).

Paragraphs 9 and 17, with the challenged portions emphasized, read as follows:

"(9) Because the borough has refused to enforce its zoning ordinance against Mr. Bucher—*who sits on the borough council*—Mr. and Mrs. Colosi have brought this citizen's enforcement action pursuant to section 617 of the Municipalities Planning Code, 53 P.S. §10617. As required by section 617 of the Municipalities Planning Code, a copy of this complaint was served on the borough council at least 30 days before filing of the complaint. . . .

"(17) Mr. and Mrs. Colosi bring this action pursuant to section 617 of the Municipalities Planning Code, 53 P.S. §10617. As required by section 617, a copy of this

complaint was served on the borough council at least 30 days before filing of the complaint. Despite receiving prior notice of this action, the borough has not initiated an enforcement action against Mr. Bucher—*who is a member of the borough council*—to abate the zoning violations." (Compl. at ¶¶9, 17.) (emphasis added)

Section 617 of the Pennsylvania Municipalities Planning Code, 53 P.S. §10617, requires that an aggrieved landowner must give the municipality 30 days notice of his or her intent to institute an action to prevent, correct or abate a violation of the zoning ordinance. There is no requirement, however, that the municipality must have formally refused to take action to remedy the alleged violation or that the municipality has refused to take action for any improper reason before an aggrieved landowner may proceed.[1]

In this instance, plaintiffs' reference to defendant's position as a member of the borough council allows plaintiffs to insinuate that unnamed members of the borough council have refused to address the alleged violations of the zoning ordinance for some improper reason. Unsupported tangential statements which cast a derogatory light on public officials may be stricken as scandalous. *Common Cause/Pennsylvania,* 710 A.2d at 115.

If plaintiffs have evidence that the members of the East Petersburg Borough Council have compromised

---

1. Plaintiffs have not alleged that they brought their complaints to the proper zoning officials prior to providing the 30-day notice, nor do they state what response, if any, they received.

their offices or acted in an improper or unlawful manner with respect to the enforcement of the zoning ordinance, plaintiffs may amend their complaint to plead facts in support of such claims.

Under the current circumstances, this preliminary objection will be sustained and the objected-to portions of paragraphs 9 and 17 will be stricken.

Paragraph 26, with the questioned portion highlighted, reads as follows:

"(26) Such violation is prejudicial to Mr. and Mrs. Colosi, because patrons of Chancey's Pub utilize the shared driveway on their way to and from the tavern, increasing the use of the shared driveway very substantially beyond was is [sic] contemplated by the terms of the cross-easement. *This is also a particular safety concern because Chancey's Pub offers alcoholic beverages to its patrons.*" (Compl. at ¶26.) (emphasis added)

Plaintiffs refer to defendant's business, Chancey's Pub, throughout the complaint and in paragraph 6 identify it as a "tavern". Other than to belabor the obvious, it is not clear what purpose the challenged language serves. Paragraphs that purport to be factual, but are simply evidence that might be relevant in a trial or hearing are not pertinent for the purposes of pleading a cause of action. *Diess v. PennDOT,* 935 A.2d 895, 909 (Pa. Commw. 2007). However, this language is best viewed as harmless surplusage.

Accordingly, this preliminary objection will be overruled.

## ORDER

And now, August 28, 2009, upon consideration of defendant's preliminary objections, and plaintiffs' response, it is ordered that the preliminary objections are sustained in part and overruled in part.

The phrase "who sits on the borough council" in paragraph 9 and the phrase "who is a member of the borough council" in paragraph 17 are stricken as scandalous and impertinent.

The preliminary objection to the sentence in paragraph 26, "This is also a particular safety concern because Chancey's Pub offers alcoholic beverages to its patrons" is overruled.

Plaintiffs are granted 20 days from the date of this order to file an amended complaint.